# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KENNETH MIZE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-01114-JCM-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CLARK COUNTY JUSTICE COURT, ) | Application to Proceed *in* |
| ) | *Forma Pauperis* (#4) |
| Defendants. ) | |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#4), filed on July 15, 2014.

### BACKGROUND

Plaintiff filed an Application to Proceed *in Forma Pauperis* (#1) on July 8, 2014, which was denied due to Plaintiff's allegations insinuating his ability to pay the fees associated with the cost of bringing his action. *See Dkt. #2*. On July 14, 2014, Plaintiff filed a Supplement (#3) to his Application (#1), therein clarifying his "living cover" due to his "undercover work." *See Dkt. #3*. Plaintiff now brings his Amended Application to Proceed *in Forma Pauperis* (#4).

Plaintiff seeks to proceed *in Forma Pauperis* on his Writ of Prohibition (#1-1) for false arrest and violations of his due process rights. Plaintiff alleges that he was at the Federal Bureau of Investigation ("FBI") in Las Vegas, Nevada, when he was wrongfully arrested after giving his "occidental flashgordon". Plaintiff stated, "[t]he officer had video on his shoulder and admitted he was going to arrest me which is contrary to the occidental's purpose." He alleges that he has a "living cover" and was at the FBI building to get his "occidental to show at a state level since [he] had been having problem [sic] with it during the end of his investigation." He alleges that it is illegal to arrest and search him due to his multi-jurisdictional "occidentals". He alleges authority

based on his "Treasury Department occidental tiaspet, Presidential Level occidental chiaspet, State Department Above the Law" and other occidentals like "unarrested due to them signing my security clearance at a Director's level." Plaintiff brings this action against the Clark County Justice Court for failing to give him a chance to speak, permitting the illegal search and arrest, and sentencing him in violation of his right to due process.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Plaintiff submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security therefor. After review of Plaintiff's Application to Proceed *in Forma Pauperis*, however, Plaintiff did not include a signed financial certificate by an authorized officer of the institution in which he is incarcerated as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. The Court therefore is unable to grant Plaintiff's request to proceed *in Forma Pauperis* at this time. Furthermore, Plaintiff failed to attach a copy of his Writ of Prohibition to his amended Application to Proceed *in Forma Pauperis* (#4). Plaintiff is advised that should he wish to proceed with this action, he must file a copy of his Writ of Prohibition with a completed, amended Application to Proceed *in Forma Pauperis* pursuant to the above discussion.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Though the Court did not grant Plaintiff's Application to Proceed *in Forma Pauperis*, the Court will proceed to screen Plaintiff's Writ of Prohibition (#1-1) attached to his original Application to Proceed *in Forma Pauperis* (#1) for informational purposes should Plaintiff wish to pursue this action.

#### 1. Writ of Prohibition

A writ of prohibition is an extraordinary writ issued by an appellate court to prevent a lower court from exceeding its jurisdiction or to prevent a nonjudicial officer or entity from exercising a power. *See* Black's Law Dictionary 1248, (8th ed. 2004). A writ of prohibition should not issue

unless it "clearly appears that the inferior court is about to exceed its jurisdiction." *See Smith v. Whitney*, 116 U.S. 167, 176 (1886). A writ of prohibition is a drastic remedy that should be granted only when the petitioner's right to the requested relief is clear and indisputable. *See In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983); *see also In re Missouri*, 664 F.2d 178, 180 (8th Cir. 1981). Further, a writ of prohibition should be granted only when the petitioner has no other adequate means of relief and may not be used as a substitute for the normal appellate process. *See In re Banker's Trust Co.*, 775 F.2d 545, 547 (3d Cir. 1985); *see also Missouri*, 664 F.2d at 180.

To the extent that the Plaintiff is attempting to challenge the validity of his state court judgment of conviction and sentence, this challenge is improperly raised in the instant petition for a writ of prohibition. *See* N.R.S. 34.724(2)(b); *see also* N.R.S. 34.170; *see also* N.R.S. 34.330. The Plaintiff failed to demonstrate that a due process violation or the rule of leniency required extraordinary relief. Furthermore, Plaintiff has an adequate remedy to judicially pursue his claim pursuant to N.R.S. 34.724(2)(b) and 28 U.S.C. § 2254. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#4) is **denied** without prejudice

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 25, 2014** to file a new Application to Proceed *in Forma Pauperis*, accompanied by a signed and executed financial certificate and Plaintiff's Complaint, or make the necessary arrangements to pay the filing fee. Plaintiff is advised that failing to do so may result in the dismissal of his case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff a blank Application to Proceed *in Forma Pauperis* for incarcerated litigants.

DATED this 25th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge