1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES KENNETH MIZE,                    )
                                       )
                  Plaintiff,           )          Case No. 2:14-cv-01114-JCM-GWF
                                       )
vs.                                    )          **FINDINGS AND**
                                       )          **RECOMMENDATION**
CLARK COUNTY JUSTICE COURT,            )
                                       )
                  Defendant.           )
_____)

This matter comes before the Court on Plaintiff James Kenneth Mize's ("Plaintiff") failure to file an Amended Application to Proceed *in Forma Pauperis* or in the alternative to pay the filing fee pursuant to Order (#5).

This matter commenced on July 8, 2014, with the filing of Plaintiff Mize's complaint and motion/application to proceed *in forma pauperis* (#1). Plaintiff's motion to proceed *in forma pauperis* was denied due to allegations indicating Plaintiff's ability to pay the fees associated with the cost of bringing his action. *See Dkt. #2*. Plaintiff filed an amended application to proceed *in forma pauperis*, which was similarly denied for failing to include a signed financial certificate by an authorized officer pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Plaintiff was ordered to file an amended application to proceed *in forma pauperis* or to pay the filing fee by August 25, 2014. Plaintiff was  cautioned that failing to do so may result in the dismissal of his action.

Pursuant to Fed. R. Civ. P. 41(b), the Court may dismiss an action if the Plaintiff fails to prosecute or to comply with these rules or a court order. Pursuant to Order #5, Plaintiff had until August 25, 2014 to file an amended application to proceed *in forma pauperis* or to pay the filing.

Notice was mailed to Plaintiff on July 25, 2014.  More than thirty days have elapsed since the order was mailed and Plaintiff has not filed an application or paid the filing fee pursuant to the Court's Order (#5).  The Complaint therefore has neither been screened nor filed with the Court. Accordingly,

<u>**RECOMMENDATIONS**</u>

**IT IS HEREBY RECOMMENDED** that Plaintiff's case be **closed.**

<u>**NOTICE**</u>

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of September, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge